IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| JAMES E. MANEL, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:08-cv-00447-JRS |
| | ) |
| NAVY FEDERAL CREDIT UNION, ET AL. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF NAVY FEDERAL CREDIT UNION

Defendant Navy Federal Credit Union ("Navy Federal"), by counsel, responds to Complaint as follows:

### FIRST DEFENSE

The Plaintiffs have been delinquent on the loan at issue, a home equity line of credit ("HELOC") which was a secured by second lien on their property, since June 2007.

### SECOND DEFENSE

The Plaintiffs received notice that the HELOC loan was delinquent, that Plaintiffs were in default and that Navy Federal intended to proceed with a foreclosure sale.

### THIRD DEFENSE

The Plaintiffs are estopped and their claims for damages are barred because they received notice of the date of the foreclosure sale and failed to contact Navy Federal prior to the foreclosure date to ask that the foreclosure be stopped.

### FOURTH DEFENSE

As of the date of the foreclosure sale on the HELOC loan, the Plaintiffs had also missed or made late payments on their first lien.

## FIFTH DEFENSE

Plaintiffs' were not living at the property as of the date of the foreclosure sale.

## SIXTH DEFENSE

The property at issue had been vacant and unfurnished from on or about 2006 until after the foreclosure sale took place.

## SEVENTH DEFENSE

Navy Federal immediately stopped any activity relating to the property when it was notified for the first time on July 18, 2008 (by receipt of this lawsuit) that there was a dispute involving the loan and foreclosure sale.

## EIGHTH DEFENSE

Plaintiffs have defamed Navy Federal despite Plaintiffs' knowledge that Navy Federal was unaware of a dispute surrounding the foreclosure sale and Plaintiffs' own failure to make payments on the HELOC loan since on or about June 2007. Plaintiffs have engaged in a course of action to defame and injure Navy Federal's reputation for assisting members in who are on active duty.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by waiver, laches, and/or estoppel.

## TENTH DEFENSE

Navy Federal had a valid lien on the property prior to the foreclosure.

## ELEVENTH DEFENSE

The foreclosure sale was valid and enforceable.

## TWELFTH DEFENSE

In response to the numbered paragraphs of the Complaint, Navy Federal answers as follows:

1. The allegations in paragraph 1 of the Complaint state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

### JURISDICTION

2. Navy Federal submits that the proper jurisdiction for this complaint is the Eastern District of Virginia in Alexandria, not Richmond, since the Property and plaintiffs are located in the Alexandria Division. The remaining allegations in paragraph 2 of the Complaint state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

### PARTIES

3. Navy Federal admits the Manels are natural persons but lacks sufficient knowledge or information to admit or deny whether they are domiciled in the Eastern District of Virginia. The remaining allegations in paragraph 3 of the Complaint state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

4. Navy Federal admits that it is organized under the National Credit Union Act and that it does business in Virginia. The remaining allegations in paragraph 4 of the Complaint state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

5. Upon information and belief, Navy Federal admits that Chasen & Chasen acts as a substitute trustee and that it regularly forecloses on real property located in Virginia. The remaining allegations in paragraph 5 of the Complaint state a legal conclusion which requires no response. To the extent a response is required, the allegations are denied.

### FACTS

6. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 6 of the Complaint and therefore denies the allegations.

7. Navy Federal admits the Manels are members of the Credit Union and that they applied for and received a home equity line of credit ("HELOC") in 2002. The terms and conditions of the HELOC are set forth in the documents signed by the Manels.

8. Navy Federal denies the allegations in paragraph 8 of the Complaint and affirmatively states that the Manels did not make payments in a timely manner.

9. On or before August 2007, Plaintiffs were in default on their HELOC loan. Navy Federal denies that it placed a freeze on Plaintiffs' checking and savings accounts and terminated online internet access to Navy Federal's website. Navy Federal denies the remaining allegations in paragraph 9 of the Complaint.

10. Navy Federal denies that Plaintiffs' had a certificate of deposit on file with Navy Federal. Navy Federal denies the remaining allegations in paragraph 10 of the Complaint.

11. Navy Federal denies the allegations in paragraph 11 of the Complaint.

12. Navy Federal denies Plaintiffs made any attempt to contact Navy Federal throughout the Fall of 2007. Navy Federal denies the remaining allegations in paragraph 12 of the Complaint.

13. Navy Federal denies Plaintiffs made any inquiries of Navy Federal in the Fall of 2007. Navy Federal denies the remaining allegations in paragraph 13 of the Complaint.

14. Navy Federal denies the allegations in paragraph 14 of the Complaint.

15. The allegation of a "qualified written request" in paragraph 15 of the Complaint states a legal conclusion which requires no response. To the extent a response is required, the allegation is denied. Navy Federal denies it received a letter from Plaintiffs in or about October 2007. Navy Federal denies the remaining allegations in paragraph 15 of the Complaint.

16. Navy Federal denies it received a letter from Plaintiffs in October 2007 regarding the loan.

17. Navy Federal denies the allegations in paragraph 17 of the Complaint.

18. Navy Federal denies the allegations in paragraph 18 of the Complaint.

19. Navy Federal denies the allegations in paragraph 19 of the Complaint.

20. Navy Federal denies the allegations in paragraph 20 of the Complaint.

21. Navy Federal denies the allegations in paragraph 21 of the Complaint.

22. Navy Federal denies that Plaintiffs had funds at Navy Federal available to apply to their HELOC loan from August 2007 until the present.

23. Navy Federal denies the allegations in paragraph 23 of the Complaint.

24. Navy Federal admits the Plaintiffs sent a letter and check to Navy Federal which was not sufficient to pay the amount due on the loan. Navy Federal provided a response to the Plaintiffs and heard nothing further from them. Navy Federal denies the remaining allegations in paragraph 24 of the Complaint.

25. Navy Federal denies the allegations in paragraph 25 of the Complaint.

26. Navy Federal admits Plaintiffs referenced a pre-paid self-addressed priority mail envelope. The letter speaks for itself but Navy Federal states that the allegation that references a "qualified written request" in paragraph 26 of the Complaint states a legal conclusion which requires no response. To the extent a response is required, the allegation is denied.

27. Navy Federal denies the allegations in paragraph 27 of the Complaint.

28. Navy Federal denies the allegations in paragraph 28 of the Complaint.

29. Navy Federal denies the allegations in paragraph 29 of the Complaint.

30. Navy Federal's letter speaks for itself. To the extent the allegations are inconsistent with the letter, they are denied.

31. The Navy Federal letter speaks for itself. To the extent the allegations in paragraph 31 of the Complaint are inconsistent with the letter, they are denied. Navy Federal denies the allegations in paragraph 31 of the Complaint.

32. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 32 of the Complaint and therefore denies the allegations.

33. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 33 of the Complaint and therefore denies the allegations.

34. The Chasen letter speaks for itself. To the extent the allegations in paragraph 34 of the Complaint are inconsistent with the letter, they are denied.

35. The Chasen letter speaks for itself. To the extent the allegations in paragraph 35 of the Complaint are inconsistent with the Chasen letter, they are denied.

36. The Chasen letter speaks for itself. To the extent the allegations in paragraph 36 of the Complaint are inconsistent with the letter, they are denied. Navy Federal denies the remaining allegations in paragraph 36 of the Complaint.

37. Navy Federal denies the allegations in paragraph 37 of the Complaint.

38. Navy Federal admits its mission is to serve its members. This includes serving members by providing loans but also protecting the interests of other members by collecting on loans which are not paid and, if necessary, foreclosing on property which secures those loans. Navy Federal held a foreclosure sale because Plaintiffs did not pay the amounts due on the loan and because no objection was raised to the foreclosure prior to the foreclosure sale date. Navy Federal's bid was based, inter alia, on the amounts due on the first and second liens on the Property (approximately $270,000) and the current market conditions. Navy Federal denies that it intended to "strip" any equity from the property and avers that such an allegation is part of

Plaintiffs' attempt to malign and discredit Navy Federal rather than addressing the unpaid HELOC loan.

39. The allegations in paragraph 39 of the Complaint state legal conclusions which require no response. To the extent a response is required, the allegations are denied. Furthermore, the Chasen letter speaks for itself. To the extent the allegations in paragraph 39 of the Complaint are inconsistent with the Chasen letter, they are denied. Navy Federal denies the remaining allegations in paragraph 39 of the Complaint.

40. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 40 of the Complaint.

41. The Chasen letter speaks for itself. To the extent the allegations in paragraph 41 of the Complaint are inconsistent with the Chasen letter, they are denied. Navy Federal lacks sufficient knowledge and information to admit or deny the remaining allegations in paragraph 41 of the Complaint and therefore denies the allegations.

42. Navy Federal denies the allegations in paragraph 42 of the Complaint.

43. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 43 of the Complaint and therefore denies the allegations.

44. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 44 of the Complaint and therefore denies the allegations.

45. Navy Federal denies the allegations in paragraph 45 of the Complaint.

46. Navy Federal admits that nearly a month after the foreclosure sale, and after confirming the house was vacant, a realtor changed the locks on the property which the realtor had surveyed and determined was unoccupied and unfurnished. Upon information and belief, Navy Federal further admits that Plaintiffs confronted the agent and Mrs. Manel demanded that the agent contact Plaintiffs' attorney regarding any issues with the house. Upon information and

belief, the realtor gave Plaintiffs a copy of the new set of keys because she was intimidated by Mrs. Manel and wished to avoid any further confrontation. Navy Federal denies the remaining allegations in paragraph 46 of the Complaint, including Plaintiffs' claim that they occupied the property.

47. Navy Federal lacks sufficient knowledge and information to admit or deny the allegations in paragraph 47 of the Complaint and therefore denies the allegation.

### COUNT ONE: VIOLATION OF THE REAL ESTATE SETTLEMENT PRACTICES ACT
### (Defendant NFCU only)

48. Navy Federal repeats and incorporates by reference its responses to paragraphs 1 through 47 of the Complaint.

49. Navy Federal denies the allegations in paragraph 49 of the Complaint.

50. Navy Federal denies the allegations in paragraph 50 of the Complaint.

### COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Defendant Chasen only)

51. Navy Federal repeats and incorporates by reference its responses to paragraphs 1 through 50 of the Complaint.

52. The allegations in paragraph 52 of the Complaint are not directed at Navy Federal and therefore require no response. To the extent a response is required, the allegations are denied.

53. The allegations in paragraph 53 of the Complaint are not directed at Navy Federal and therefore require no response. To the extent a response is required, the allegations are denied.

54. The allegations in paragraph 54 of the Complaint are not directed at Navy Federal and therefore require no response. To the extent a response is required, the allegations are denied.

### COUNT THREE: BREACH OF CONTRACT
### (Defendant NFCU only)

55. Navy Federal repeats and incorporates by reference its responses to paragraphs 1 through 54 of the Complaint.

56. Navy Federal denies the allegations in paragraph 56 of the Complaint.

57. Navy Federal denies the allegations in paragraph 57 of the Complaint.

### COUNT FOUR: DEFAMATION
### (Defendants Navy Federal and Chasen)

58. Navy Federal repeats and incorporates by reference its responses to paragraphs 1 through 57 of the Complaint.

59. Navy Federal denies the allegations in paragraph 59 of the Complaint.

60. Navy Federal denies the allegations in paragraph 60 of the Complaint.

61. Navy Federal denies the allegations in paragraph 61 of the Complaint.

62. Navy Federal denies the allegations in paragraph 62 of the Complaint.

63. Navy Federal denies the allegations in paragraph 63 of the Complaint.

### COUNT FIVE: EQUITABLE RELIEF
### (Defendants NFCU and Chasen)

64. Navy Federal repeats and incorporates by reference its responses to paragraphs 1 through 63 of the Complaint.

65. Virginia Code § 55-59.1, *et. seq.* speaks for itself. To the extent the allegations in paragraph 65 of the Complaint are inconsistent with Virginia Code § 55-59.1, *et. seq.*, they are denied. Furthermore, Navy Federal denies the allegations in paragraph 65 of the Complaint.

66. Navy Federal denies that Plaintiffs are entitled to any relief requested against Navy Federal.

67. Navy Federal denies every allegation it has not specifically admitted or otherwise qualified.

WHEREFORE, Defendant Navy Federal Credit Union requests that the Court dismiss this action with prejudice and award Navy Federal its attorneys' fees, costs, expenses and such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 24, 2008

/s/ Amy S. Owen
Amy S. Owen (Bar No. 27692)
Kimberly L. Cole (Bar No. 72098)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (telephone)
(703) 847-4499 (facsimile)

*Counsel for Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ANSWER OF NAVY FEDERAL CREDIT UNION** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address on this 24th day of July, 2008:

**EMAIL DELIVERY**
Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, Virginia 22030
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, Virginia 22030
Telephone: (703) 273-7770
Facsimile: (888) 892-3512

*Counsel for Plaintiffs*

/s/ Amy S. Owen
Amy S. Owen